UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 3:19-CR-00630-B-19** |
| | § | |
| **ANGELINA LUNA-PERALTA,** | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Angelina Luna-Peralta's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 1059) and Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) (Doc. 1061). For the following reasons, Defendant's motions are **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

The Court sentenced Defendant to 240 months imprisonment and 3 years of supervised release after she pleaded guilty to possession with intent to distribute a controlled substance. Doc. 1023, Judgment at 2-3. Defendant, who is now 53 years old, is serving her sentence at Tallahassee FCI, and is scheduled to be released in March 2041.[1]

On October 3, 2025, Defendant filed a motion seeking a compassionate release under 18 U.S.C. § 3582(c)(1)(A). She argues that a compassionate release is warranted because of her family circumstances, medical circumstances, her unusually long sentence, and her rehabilitation. *See* Doc.

---

[1]The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov.inmateloc [https://perma.cc/F74F-7ZAG].

1059, CR Mot. at 2-11.

A little over a month later, Defendant filed a separate motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), arguing that a 1992 change to the Sentencing Guidelines should be applied retroactively to reduce her sentence. Doc. 1061, Mot. to Reduce at 1-2. The Court considers Defendants's motions below.

## II. LEGAL STANDARDS

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Under § 3582(c)(2), a defendant may move for a sentence reduction if she "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), and the court may grant such a motion after considering the factors set forth in § 3553(a) to the extent they are applicable, if such reduction is consistent with the Sentencing Commission's applicable policy statements. *See* 18 U.S.C. § 3582(c)(2).

## III. ANALYSIS

The Court **DENIES** Defendant's motions. Defendant fails to show that she exhausted her administrative remedies before filing her compassionate release motion, nor has she demonstrated extraordinary or compelling reasons for a compassionate release under § 3582(c)(1)(A) in any event. As for Defendant's motion for a sentence reduction under § 3582(c)(2), this provision is inapplicable

because the sentencing amendment she relies on was in effect when she was sentenced, so there is no reason to retroactively reduce her sentence.

A. *Defendant Fails to Show Exhaustion of Remedies.*

A defendant can only bring a compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier...." § 3582(c)(1)(A). "[S]ubmission of a request is insufficient for exhaustion." *United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 201) (Boyle, J.). Instead, exhaustion requires proof that the warden *received* the defendant's request. 18 U.S.C. § 3582(c)(1)(A); *see also*, *e.g.*, *United States v. Carrera*, No. 3:14-CR-0367-B-40, 2020 WL 6545982, at *2 (N.D. Tex. Nov. 5, 2020) (Boyle, J.) (denying compassionate release motion where defendant "attache[d] to his motion a letter...in which he purportedly ask[ed] the warden of his facility for a sentence reduction," but did not "attach any proof that the warden actually received his request").

Here, as in *Carrera*, Defendant attached a letter she submitted to the warden seeking a compassionate release. *See* Doc. 1059, CR Mot. at 20. But she attaches no proof showing "that the warden actually received [her] request." *Carrera*, 2020 WL 6545982, at *2.

Because Defendant fails to show that she properly exhausted administrative remedies before seeking compassionate release, her compassionate release motion will be denied. Nevertheless, the Court will address the merits of her compassionate release motion below.

B. *Defendant Has Not Shown Extraordinary And Compelling Reasons for Compassionate Release.*

Defendant has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citation modified). The Fifth Circuit has interpreted the "extraordinary and compelling" standard as requiring a prisoner to show "some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (citation modified).

The Sentencing Commission has issued a policy statement that sets forth "extraordinary and compelling circumstances" that may justify a sentence reduction, including in relevant part: "(1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to items one through four; and (6) a change in the law resulting in the defendant receiving an unusually long sentence...." *United States v. Jean*, 108 F.4th 275, 289 (5th Cir. 2024) (citing U.S.S.G. § 1B1.13), *overruled in part by Austin*, 125 F.4th 688. Section 1B1.13 informs the Court's analysis of what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5 th Cir. 2021); *United States v. Rivas*, 833

F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that § 1B1.13 is "not dispositive" but "guid[ing]").

Here, Defendant relies on her family circumstances, her medical circumstances, the length of her sentence, and her rehabilitation efforts to support a compassionate release. But she fails to show that any of these circumstances are extraordinary and compelling.

1. *Defendant's Family Circumstances Are Not Extraordinary And Compelling.*

Defendant claims that her family circumstances present extraordinary and compelling circumstances because she is the "primary care provider" for her two children, a 20-year-old son with schizophrenia and an 18-year-old son with ADHD. Doc. 1059, CR Mot. at 2-3. Defendant claims that she is the only one who can provide them "with the loving and stable home that they need and deserve." *Id.* at 3.

§ 1B1.13(b)(3) provides the following family circumstances may be extraordinary and compelling:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through 3(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through

(3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

Here, Defendant's claim is insufficient to show extraordinary and compelling family circumstances. First, her claim that her adult children need a caregiver is conclusory. She attaches no medical records or other evidence showing that her adult sons, even assuming they suffer from schizophrenia or ADHD, are incapable of self care. *See, e.g.*, *United States v. Lafleur*, No. 6:20-CR-00202-01, 2024 WL 5147037, at *3 (W.D. La. Dec. 17, 2024) (noting that "wholly conclusory" and "wholly unsupported" statements are insufficient to warrant a sentence reduction).

Second, even if she showed her sons' incapacity, Defendant fails to show she is the only available caregiver. Courts evaluating only-available-caregiver arguments in the compassionate release context require a "robust evidentiary showing" that the defendant is the only available caregiver. *See, e.g.*, *United States v. Polley*, Case No. 17-CR-2758-JAH, 2022 WL 161654, at *5 (S.D. Cal. May 19, 2022) (refusing to find extraordinary and compelling family circumstances where the defendant failed to make a "robust evidentiary showing" that defendant was only available caregiver) (citing *United States v. Bragg*, No. 12-CR-3617-CAB, 2021 WL 662269, at *2 (S.D. Cal. Feb. 19, 2021); *United States v. Richardson*, No. 5:18-CR-507-IFL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020); *United States v. Cruz-Rivera*, No. 11-CR-43, 2020 WL 5993352, at *5 (E.D. Pa. Oct. 9, 2020)).

Defendant presents nothing like that here. The only evidence she offers of her caregiver status is a self-serving affidavit containing a blanket assertion, without any supporting facts, that she is the "only person" who can be her sons' "primary care provider." Doc. 1059, CR Mot. at 16. But Defendant's PSR shows that she has a father, three sisters, and brother. *See* Doc. 676, PSR at ¶55. Her compassionate release motion also mentions an adult daughter that she would live with if

released. Doc. 1059, CR Mot. at 20. Defendant fails to explain why none of these individuals could act as caregiver.

In short, Defendant fails to show that her adult sons need a caregiver or that Defendant would be the only person who could act as caregiver if they did. Defendant fails to show that her family circumstances are extraordinary and compelling.

*2. Defendant's Medical Circumstances Are Not Extraordinary and Compelling.*

Defendant lists several medical conditions that she claims amount to extraordinary and compelling circumstances, including diabetes, high blood pressure, depression, obesity, menopause, PTSD, anxiety, and asthma. *See* Doc. 1059 at 5-7.

Section 1B1.13(b)(1) provides that extraordinary and compelling circumstances are present when:

> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

Defendant cannot show an extraordinary or compelling basis for compassionate release under those standards.

First, Defendant did not attach medical records to her motion, which precludes any finding

of extraordinary and compelling medical circumstances. *See*, *e.g.*, *United States v. Parker*, No. 3:17-CR-0446-B-2, 2020 WL 4673125, at *3 (N.D. Tex. Aug. 11, 2020) (Boyle, J.) (denying compassionate release in part because a defendant failed to provide medical records to support her claims).

Second, none of the medical conditions that Defendant identifies—diabetes, high blood pressure, depression, obesity, menopause, PTSD, anxiety, and asthma— are extraordinary and compelling without evidence that they limit the defendant's ability to provide self-care or are untreated and the defendant is at serious risk of deterioration in health or death without appropriate treatment. *See United States v. Terry*, Case No. 4:16-CR-101(12), 2021 WL 4226053, at *4 (E.D. Tex. Sept. 15, 2021) (noting that diabetes and high blood pressure are too common to be considered "extraordinary" in the compassionate release context); *United States v. Thomas*, 12-CR-266, 2023 WL 358861, at *4 (E.D. La. Jan. 23, 2023) (obesity, because of its prevalence, is not an "extraordinary circumstance justifying compassionate release"); *United States v. Mendez*, No. 2:11-CR-00356 KJM, 2021 WL 2003202, at *2 (E.D. Cal. May 19, 2021) ("To the court's knowledge, no district court has found depression, anxiety, or chronic back and shoulder pain as an extraordinary and compelling reason to grant compassionate release."); *United Sates v. Trevino*, No. H-11-CR-83-1, 2023 WL 113733, at *1 (S.D. Tex. Jan. 5, 2023) ("The court does not find that Trevino's purported PTSD constitutes an extraordinary and compelling circumstance to merit compassionate release."); *United States v. Jones*, No. 2:14-CR-20176-1, 2020 WL 5993234, at *1 (E.D. Mich. Oct. 9, 2020) (noting that asthma without other medical conditions is not an extraordinary or compelling reason for compassionate release).

Finally, though Defendant complains about how the prison is treating her depression, poor

eyesight, asthma, and dental issues, she fails to show any risk of serious deteriorization in health or death if she does not receive the treatment she believes is required. *See* § 1B1.13(b)(1)(C). Her allegations only amount to a disagreement with the quality of the care provided, which does not warrant compassionate release. *See*, *e.g.*, *United States v. Taylor*, No. 4:17-CR-9(1), 2024 WL 150221, at *12 (E.D. Tex. Jan. 11, 2024) (citations omitted) (complaints about the quality of medical care are not cognizable via a motion for compassionate release) (collecting cases).

Defendant fails to show that her medical circumstances are extraordinary and compelling.

*3. Defendant Fails To Show That Her Sentence Is Unusually Long, And Her Rehabilitation Alone Cannot Support Compassionate Release.*

Defendant also contends that she is entitled to a compassionate release because her sentence is unusually long. Doc. 1059, CR Mot. at 7. An unusually long sentence, however, is not an extraordinary and compelling circumstance under the Policy Statement unless there has also been a non-retroactive change in the law that produces "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *See* § 1B1.13(b)(6). Defendant fails to show any change to the law that would result in her receiving a lower sentence today, so she fails to show her sentence's length is an extraordinary and compelling circumstance.

Finally, to the extent Defendant argues her rehabilitation is an extraordinary and compelling reason, her rehabilitation alone cannot support a compassionate release absent other extraordinary and compelling circumstances, which she fails to show. *See* 28 U.S.C. 994(t).

In sum, Defendant has not demonstrated extraordinary and compelling reasons for

compassionate release.[2] So the Court will deny Defendant's compassionate release motion (Doc. 1059) without prejudice.

C. *Defendant Is Not Entitled To A Sentence Reduction Under 18 U.S.C. § 3582(c)(2).*

Defendant also seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) (Doc. 1061). But that section only allows for a sentence reduction for a defendant who was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. *See* § 3582(c)(2). Defendant has not established that the Sentencing Commission reduced her sentencing range after the Court sentenced her. Rather, she points to a 1992 change to the Sentencing Guidelines allowing for a reduced sentence for acceptance of responsibility that was already in effect when she was sentenced. *See* Doc. 1061 at 1-2 (citing § 3E1.1). Accordingly, her motion for a sentence reduction under § 3582(c)(2) (Doc. 1061) will be denied.

## IV. CONCLUSION

Defendant's request for compassionate release fails under § 3582(c)(1)(A) because she has not demonstrated extraordinary and compelling reasons for compassionate release. Defendant's motion for a sentence reduction under § 3582(c)(2) fails because Defendant has not identified a post-sentencing change to the Sentencing Guidelines that would reduce her sentence if applied. Therefore, the Court **DENIES** Defendant's compassionate release motion (Doc. 1059) and motion for a sentence reduction under § 3582(c)(2) (Doc. 1061) **WITHOUT PREJUDICE.**

By denying Defendant's motions without prejudice, the Court permits Defendant to file a

[2]Given this threshold obstacle to Defendant's compassionate release motion, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Ware*, No. 3:15-CR-494-B-2, 2025 WL 2880808, at *5 (N.D. Tex. Oct. 9, 2025) (Boyle, J.).

subsequent motion for compassionate release in the event she can provide evidence supporting extraordinary and compelling circumstances or an applicable change to her sentencing range that would result in a reduced sentence. However, to the extent Defendant merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

SO ORDERED

SIGNED: September 1, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE